UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:    5/28/20
```

| | |
|---|---|
| PATRICK STONE, | |
| Plaintiff, | 20-CV-1818 (JMF) (BCM) |
| -against- | **ORDER** |
| JOSEPH FISHER, | |
| Defendant. | |

**BARBARA MOSES, United States Magistrate Judge.**

Plaintiff Patrick Stone and defendant Joseph Fisher co-founded and co-owned a business. Compl. (Dkt. No. 1) ¶¶ 4-5. On April 16, 2019, Fisher sued Stone in New York Supreme Court, New York County (the New York County Action), seeking principally to enforce his rights under the company's operating agreement to purchase Stone's interest at a price determined by an independent appraiser. (Dkt. No. 13-1.) In his answer and counterclaim, Stone disputed the legitimacy of the appraisal and alleged, among other things, that Fisher improperly "seized total control of the Company," breached the operating agreement in various ways, and misappropriated company funds for personal use. (Dkt. No. 13-2.)

After ten months of vigorous litigation, the New York County Action was seemingly resolved by means of a Stipulation and Order of Settlement and Mutual Release (Stipulation of Settlement), so-ordered by the Hon. O. Peter Sherwood, J.S.C., on February 28, 2020, in which Fisher agreed to pay Stone $232,800 for his interest in the business and the parties released any and all claims that either had against the other "from the beginning of time to and including the date of the execution of this Stipulation of Settlement." (Dkt. No. 13-3.) The next day, however, Stone sought to vacate the Stipulation of Settlement on the ground that he reviewed it "in a state of panic" and thus did not sign it "freely, voluntarily, or knowingly." (Dkt. No. 13-5.) On March 3, 2020, Justice Sherwood denied the request to vacate. (*Id*.). Since then, Stone has filed multiple

notices of appeal, motions, affidavits, letters, and other documents in state court, in a continuing effort to vacate or overturn the Stipulation of Settlement. (*See* Dkt. No. 48 at 2 n.1.)

In this action, filed pro se on March 2, 2020, Stone again alleges that Fisher breached the operating agreement governing the parties' business and misappropriated company funds. Compl. ¶¶ 4-21. He further alleges that the appraisal underlying the New York County Action was "fraudulent" and that Fisher filed the case to force Stone "to sell [Fisher] his shares for millions of dollars below fair market value." *Id.* ¶ 17. His complaint does not mention the Stipulation of Settlement.

On March 25, 2020, defendant Fisher moved in this Court for summary judgment on grounds of release and res judicata. (Dkt. Nos. 9-13.) Fisher argues that Stone released all of his present claims when he executed the Stipulation of Settlement in the New York County Action. Fisher further contends that, even though Stone failed to execute a separate stipulation discontinuing the New York County Action with prejudice, the so-ordered Stipulation of Settlement itself "disposed" the case, thus operating as a final judgment and barring re-litigation of any claims arising out of the same transactions as a matter of res judicata. The due date for plaintiff's summary judgment opposition papers, originally May 4, 2020 (Dkt. No. 14), was extended, at plaintiff's request (Dkt. No. 23), to May 29, 2020. (Dkt. No. 27.)

On May 18, 2020, plaintiff Stone e-filed a letter-motion seeking leave to file his opposition papers (as well as a forthcoming "letter-motion for the amendment of the complaint") under seal. (Dkt. No. 44.) Stone contends that sealing is required to keep him in compliance with a temporary restraining order (TRO) issued in an Illinois divorce proceeding between plaintiff and his spouse Andrew Davis. The TRO prohibits "both parties" from disclosing "matters concerning either party's finances, income, or sources thereof." (Dkt. No. 19, at ECF pages 8-10.) However, despite

a prior warning from this Court (*see* Dkt. No. 32), Stone failed to supply copies of any of the documents for which sealing was requested.[1] Nor did he explain how any of the matters covered by the TRO could bear on the pending summary judgment motion, or make any showing that the wholesale sealing of his summary judgment papers (which are "judicial" documents subject to a "strong presumption of [public] access," *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 121, 126 (2d Cir. 2006)), is "essential to preserve higher values and is narrowly tailored to serve that interest." *Id.* at 120 (quoting *Matter of New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987)). In the alternative, Stone requested that, if his sealing motion was denied, his federal complaint "be dismissed without prejudice so that it can be re-filed (in amended form) when and if the TRO is modified or dissolved." (Dkt. No. 44.)[2]

Four days later, on May 22, 2020, Stone e-filed a letter at 6:06 a.m., noting that he had not yet "received a response" to his sealing motion, and requesting leave to file a motion for a stay of this action pending "modification or dissolution of the TRO" or "clarification of the status" of the New York County Action. (Dkt. No. 47.)   At 7:14 a.m. the same morning, this Court issued an Order dated May 21, 2020, denying Stone's May 18 sealing motion without prejudice and directing that any renewed motion to seal all or part of his summary judgment opposition papers (or motion to amend) be filed no later than May 26, 2020. (Dkt. No. 48, at 6-7.)   At 8:44 a.m., Stone filed another letter, "in reply" to the Court's May 21 Order, promising to "revisit and re-file" his sealing

---

[1] Those documents should have been filed in redacted form on the public docket and in unredacted form "under seal using a restricted Viewing Level in ECF," as required by the Court's Electronic Case Filing Rules & Instructions and my individual practices. *See* ECF Rules & Inst. § 6.5(c); Moses Indiv. Prac. § 3.

[2] It is not clear what efforts, if any, Stone is making to seek the modification or dissolution of the TRO from the Illinois courts. Instead, Stone filed a federal lawsuit in the District of Minnesota on March 5, 2020, against Davis and Davis's divorce attorneys, seeking a new temporary restraining order, followed by permanent injunctive relief, that would prevent them from enforcing the Illinois TRO.  (Dkt. No. 19 at ECF page 4 & Ex. B.)

motion "if possible," while reminding the Court that he had also "requested a stay or other relief." (Dkt. No. 49.)

Stone has not refiled his motion to seal his summary judgment papers, and his time for doing so has expired. The Court therefore considers his alternative requests for a dismissal of his own claims without prejudice or a stay of this action. Fisher has not taken a position as to either alternative.

Because Fisher has filed an answer and a summary judgment motion in this action, Stone may dismiss his complaint only by a written stipulation signed by all parties or "by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(1)(A)(ii), (a)(2). "Voluntary dismissal without prejudice is thus not a matter of right." *Zagano v. Fordham Univ.*, 900 F.2d 12, 14 (2d Cir. 1990). "Factors relevant to the consideration of a motion to dismiss without prejudice include the plaintiff's diligence in bringing the motion; any 'undue vexatiousness' on plaintiff's part; the extent to which the suit has progressed, including the defendant's effort and expense in preparation for trial; the duplicative expense of relitigation; and the adequacy of plaintiff's explanation for the need to dismiss." *Id*. No one factor is dispositive, and the determination of a motion under Rule 41(a)(2) is committed to the sound discretion of the district court. *Id*.; *see also Streit v. Amdocs, Inc.*, 307 F. App'x 505, 508 (2d Cir. 2009) ("a refusal to grant a motion for voluntary dismissal under Fed .R. Civ. P. 41(a)(2) will be reversed only if the District Court has committed an abuse of discretion."). Similarly, "[i]t is well-settled that a court has the discretionary authority to stay a case if the interests of justice so require." *Trustees of Plumbers & Pipefitters Nat. Pension Fund v. Transworld Mech., Inc.*, 886 F. Supp. 1134, 1138 (S.D.N.Y. 1995).

The present lawsuit is less than three months old.  However, the claims that plaintiff asserts here all arise under state law, and all arise out of the same facts and transactions as the New York

County Action, which has been pending since April 16, 2019, and which – notwithstanding the Stipulation of Settlement – is still being vigorously litigated. Indeed, throughout the pendency of this action Stone has been engaged in a parallel campaign (thus far unsuccessful) to vacate or overturn the Stipulation of Settlement. Moreover, plaintiff's avowed goal, should he be permitted to dismiss his federal claims without prejudice, is to refile his complaint, "in amended form," "when and if the TRO is modified or dissolved." (Dkt. No. 44.) By this stratagem, plaintiff would avoid the immediate burden of responding to defendant's summary judgment motion, as well as the risk that the motion will be granted (which would prevent him from refiling his claims in this or any other jurisdiction).[3] He would also avoid any need to move for leave to amend his complaint pursuant to Fed. R. Civ. P. 15(a)(2), as well as the risk that leave would be denied.

Under these circumstances, the Court concludes that dismissing Stone's claims without prejudice would unfairly advantage Stone at the expense of Fisher, who would be deprived of the fruits of his "efforts and expense" in moving for summary judgment, and who would also bear the near-certain "duplicative expense of relitigation," either here or elsewhere.  *See Streit*, 307 F. App'x at 508 (affirming district court's refusal to permit plaintiff to dismiss without prejudice in advance of defendant's summary judgment motion, made on res judicata grounds, which the court then

---

[3] Plaintiff Stone is a prolific litigator with a history of multiplying proceedings. For example, after Davis sued him for divorce in Illinois, Stone filed another divorce action, in which he was the plaintiff, in New York. *Stone v. Davis*, Index No. 0365080/2019 (New York Supreme Court, New York County). Similarly, after Fisher sued Stone in the New York County Action, Stone filed a separate lawsuit, in the same court, against the appraiser who valued his ownership interest, asserting claims for gross negligence and fraud. *See* Verified Complaint, *Stone v. Caliber Advisors, Inc.*, Index No. 160884/2019 (New York Supreme Court, New York County), Doc. 47 (Dec. 24, 2019). Additionally, as noted above, Stone recently filed a collateral attack, in a Minnesota federal court, on the Illinois TRO.

granted). A dismissal without prejudice would also, in effect, permit plaintiff to end-run Rule 15(a)(2) and amend his complaint without first seeking leave to do so.

The Court further concludes that plaintiff's "explanation for the need to dismiss" is inadequate, particularly given his announced intention to resume the litigation of his federal claims at such time as he can do so unburdened by the TRO. Plaintiff's alternative request, for a stay of this action, better serves that goal, while permitting both parties to resolve the question of the effectiveness of the Stipulation of Settlement in the New York County Action, which is the forum best suited for that task. A stay will also reduce the risk that Fisher will be sued by Stone in a third jurisdiction before a court unfamiliar with the parties' litigation history.

For these reasons, it is hereby ORDERED that plaintiff's letter-applications at Dkt. Nos. 47 and 49 are GRANTED to the extent that this action is STAYED pending further order of the Court. During the pendency of the stay, the Court will not entertain any motions or applications, formal or informal, except for a motion to lift the stay, which must be granted before any further relief can be requested.

Dated: New York, New York
      May 28, 2020                        **SO ORDERED**.

                                    _____

                                      **BARBARA MOSES**
                                      **United States Magistrate Judge**